

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*                    *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

March 2, 2016

Timothy Watkins, Esq.
Assistant Federal Defender
Office of the Federal Defender - District of Massachusetts
51 Sleeper St., Fifth Floor
Boston, MA 02210

      Re:    United States v. Daniel Thibeault
             Criminal No. 15-10031-LTS

Dear Mr. Watkins:

      The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Daniel Thibeault ("Defendant"), agree as follows with respect to the above-referenced case:

      1.    <u>Change of Plea</u>

      At the earliest practicable date, Defendant shall plead guilty to the following counts of the above-referenced Indictment:  Count One, charging securities fraud, in violation of Title 15, United States Code, Sections 78j(b) & 78ff(a) and Title 17, Code of Federal Regulations, Section 240.10b-5; and Count Eight, charging obstruction of justice, in violation of Title 18, United States Code, Section 1512(c). Defendant expressly and unequivocally admits that he committed the crimes charged in Counts One and Eight of the Indictment, did so knowingly, intentionally and willfully, and is in fact guilty of those offenses.

      The U.S. Attorney agrees to dismiss Counts Two through Seven of the Indictment following the imposition of sentence at the sentencing hearing.

      2.    <u>Penalties</u>

      Defendant faces the following maximum penalties on the counts of the Indictment to which he has agreed to plead guilty:  on Count One, incarceration for 30 years, supervised

release for 3 years, a fine of $5 million, a mandatory special assessment of $100, restitution, and forfeiture to the extent charged in the Indictment; on Count Eight, incarceration for 20 years, supervised released for 3 years, a fine of up to $250,000 or twice the gain to the defendant or loss to the victims, and forfeiture to the extent charged in the Indictment.

3. Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory maximum penalties set forth above and the provisions of the Sentencing Reform Act, and the advisory United States Sentencing Guidelines ("USSG" or "Guidelines"). While the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine, it must consult and take into account the USSG and the other factors set forth in 18 U.S.C. § 3553(a) in imposing a sentence.

The parties agree that Defendant's total offense level under the USSG (prior to any adjustment for acceptance of responsibility) is calculated as follows:

- in accordance with USSG § 2B1.1(a)), Defendant's base offense level is 7, because the defendant was convicted of an offense referenced to this guideline and that offense has a statutory maximum term of imprisonment of 20 years or more;

- in accordance with USSG § 2B1.1(b)(1)(K), Defendant's offense level is increased by 20, because the loss is more than $9,500,000, but not more than $25,000,000;

- in accordance with USSG § 2B1.1(b)(2)(A)(i), Defendant's offense level is increased by at least 2, because the offense involved 10 or more victims;

- in accordance with USSG § 2B1.1(b)(10)(C), Defendant's offense level is increased by 2, because the offense involved sophisticated means;

- in accordance with USSG § 2B1.1(b)(19)(A)(iii), Defendant's offense level is increased by 4, because the offense involved a violation of securities law and, at the time of the offense, Defendant was an investment adviser, or a person associated with an investment adviser;

- in accordance with USSG § 3C1.1, Defendant's offense level is increased by 2, because Defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation of the offense of conviction, and the obstructive conduct related to Defendant's offense of conviction and relevant conduct.

2

Although, as set forth above, the parties agree that Defendant's offense level is increased by at least 2, in accordance with USSG § 2B1.1(b)(2)(A)(i), because the offense involved 10 or more victims, the U.S. Attorney reserves the right to argue that Defendant's offense level is instead increased by 4, in accordance with USSG § 2B1.1(b)(2)(B), because the offense resulted in substantial financial hardship to five or more victims. The defendant reserves the right to oppose an additional increase pursuant to USSG § 2B1.1(b)(2)(B).

The U.S. Attorney agrees that she will not seek, in connection with the Defendant's sentencing, to introduce evidence concerning certain factoring loans that were issued to companies in the Philippines via LAOH Capital LLC and related entities, insofar as the amount of such loans is not material to the determination of defendant's sentence in this matter. As set forth below, however, this agreement does not affect the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

If Defendant contends that there is a basis for departure from, or a sentence outside, the otherwise applicable Guidelines sentencing range based on Defendant's medical, mental, and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and her experts (including Bureau of Prisons medical personnel) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in Defendant's possession. In addition, Defendant will authorize Defendant's care providers to discuss Defendant's condition with the U.S. Attorney and her agents (including Bureau of Prisons medical personnel), as well as experts retained by the U.S. Attorney.

Based on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's adjusted offense level under USSG § 3E1.1.

The U.S. Attorney reserves the right not to recommend a reduction under USSG § 3E1.1 if, at any time between Defendant's execution of this Plea Agreement and sentencing, Defendant:

    (a)    Fails to admit a complete factual basis for the plea;

    (b)    Fails to truthfully admit Defendant's conduct in the offense(s) of conviction;

    (c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(d)     Fails to provide truthful information about Defendant's financial status;

(e)     Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(f)     Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

(g)     Intentionally fails to appear in Court or violates any condition of release;

(h)     Commits a crime;

(i)     Transfers any asset protected under any provision of this Plea Agreement;

or

(j)     Attempts to withdraw Defendant's guilty plea.

Defendant understands and acknowledges that Defendant may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that Defendant receive a reduction in offense level for acceptance of responsibility. Defendant also understands and acknowledges that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG § 3C1.1 if Defendant obstructs justice after the date of this Plea Agreement.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4.      Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the Court:

(a)     incarceration for a period not to exceed 15 years;

(b)     a fine within the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures, unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c)     36 months of supervised release;

(d)     a mandatory special assessment of $200, which Defendant must pay to the Clerk of the Court on or before the date of sentencing (unless Defendant establishes to the Court's satisfaction that Defendant is unable to do so);

(e)     restitution of $15,300,403; and

(f)     forfeiture as set forth in Paragraph 11.

Defendant agrees to provide the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which Defendant intends to rely at sentencing not later than 7 days before sentencing.

5.     Protection of Assets for Payment of Restitution, Forfeiture and Fine

Defendant agrees not to transfer, or authorize the transfer of, any asset that has been restrained by Order of the Court in this case or any asset, whether or not restrained, that Defendant has agreed to forfeit pursuant to this Plea Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which Defendant has an interest without prior express written consent of the U.S. Attorney, except for:

(a)     Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $5,000;

(b)     Ordinary living expenses necessary to house, clothe, transport, and feed Defendant and those to whom Defendant owes a legal duty of support, so long as such assets do not exceed $ 5,000 per month; and

(c)     Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Plea Agreement and continue until the fine, forfeiture, and restitution ordered by the Court at sentencing are satisfied in full.

If the U.S. Attorney requests, Defendant further agrees to complete truthfully and accurately a sworn financial statement provided by the U.S. Attorney and to deliver that statement to the U.S. Attorney within 30 days of signing this Plea Agreement.

6.     Waiver of Rights to Appeal and to Bring Future Challenge

(a)     Defendant has conferred with his attorney and understands that he has the right to challenge both his conviction and his sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) on

5

direct appeal.  Defendant also understands that, in some circumstances, Defendant may be able to argue in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or 18 U.S.C. § 3582(c), that Defendant's conviction should be set aside or Defendant's sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) should be set aside or reduced.

    (b)    Defendant waives any right to challenge Defendant's conviction on direct appeal or in a future proceeding (collateral or otherwise).

    (c)    Defendant agrees not to file a direct appeal or challenge in a future proceeding (collateral or otherwise) any sentence of imprisonment of 15 years or less, or the duration of any order of supervised release of 36 months or less, or any fine, or orders of restitution or forfeiture consistent with the terms of this Plea Agreement.  This provision is binding even if the Court's Guidelines analysis is different from that set forth in this Plea Agreement.

    (d)    This Plea Agreement does not affect the rights of the United States as set forth in 18 U.S.C. § 3742(b).  Defendant understands and acknowledges that the U.S. Attorney has retained all appeal rights.

    (e)    Regardless of the previous sub-paragraphs, Defendant reserves the right to claim that Defendant's lawyer rendered ineffective assistance of counsel under *Strickland v. Washington.*

7.    <u>Other Post-Sentence Events</u>

    (a)    If, despite the waiver provision of sub-paragraph 6(c), Defendant appeals or challenges in a future proceeding (collateral or otherwise) Defendant's sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court, in addition to arguing that any appeal or future challenge (collateral or otherwise) is waived as a result of the waiver in sub-paragraph 6(c).

    (b)    If, despite the waiver provision of sub-paragraph 6(c), Defendant seeks re-sentencing, Defendant agrees not to seek to be re-sentenced with the benefit of any change to the Criminal History Category that the Court calculated at the time of Defendant's original sentencing, except to the extent that Defendant has been found actually factually innocent of a prior crime.

(c)   In the event of a re-sentencing following an appeal from or future challenge (collateral or otherwise) to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from and a sentence outside the USSG if, and to the extent, necessary to reinstate the sentence the U.S. Attorney advocated at Defendant's initial sentencing pursuant to this Plea Agreement.

8.   Court Not Bound by Plea Agreement

The parties' sentencing recommendations and their respective calculations under the USSG are not binding upon the U.S. Probation Office or the Court.  Within the maximum sentence Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court.  Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B).  Defendant may not withdraw his plea of guilty regardless of what sentence is imposed, or because the U.S. Probation Office or the Court declines to follow the parties' USSG calculations or recommendations.  Should the Court decline to follow the U.S. Attorney's USSG calculations or recommendations, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any direct appeal or future challenge (collateral or otherwise).

9.   Forfeiture and Recovery of Assets

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

Defendant agrees to consent to the entry of a personal money judgment against him in the amount of $15,300,403, representing the proceeds traceable to his violations of Title 15, United States Code, Sections 78j(b) and 78ff(a), as charged in Count One of the Indictment.  Defendant further agrees to the forfeiture of the following assets, with the net sale proceeds[1] of such assets to be applied toward satisfaction of the money judgment entered against him:

a.   Three parcels of land with buildings thereon situated in the Town of Dorchester, County of Grafton and State of New Hampshire, together with any improvements thereon, more particularly described in Book Number 3754, at Pages 172, 173, and 174 at the Grafton Registry of Deeds, New Hampshire;

b.   All stock or other holdings, right, title, and interest held in the name of Daniel Thibeault and/or Shawnet Brooks Thibeault in Graduate Leverage, LLC (d/b/a

---

[1] Net sale proceeds shall mean proceeds of any sale or other liquidation after payment of outstanding taxes on the property, liens, mortgages or other secured interests, and payment of expenses of custody and sale incurred by the United States in connection with the liquidation.

GL Advisor and GL Holdings Corp.), and any related entities, including but not limited to the entities listed below, together with all of the tangible and intangible assets of such entities, including any inventory, bank accounts, or cash on hand:

    i.      GL Capital Partners, LLC;

    ii.     GL Investment Services, LLC;

    iii.    GL Advisor Solutions, Inc.;

c.    All funds on deposit in the Charles Schwab brokerage accounts having the following account numbers:

    i.      2460-7118;

    ii.     2570-0280;

    iii.    3140-1040;

    iv.    5033-2538;

    v.     7721-3484;

    vi.    7741-1862;

    vii.   8632-6359;

d.    All funds on deposit in the Maxim Group brokerage account having the account number NFP-001631;

e.    All funds on deposit in the Interactive Brokers brokerage account having the account number U1374236;

f.    All funds on deposit in the TD Bank accounts having the following account numbers:

    i.      824-7288645;

    ii.     824-9760394;

g.    All funds on deposit in the Bank of America accounts having the following account numbers:

    i.      0094 6706 2409;

    ii.     0094 7162 2130;

    iii.    0094 7162 3583;

    iv.    0046 4881 3639;

h.    All funds on deposit in the Union Bank of the Philippines account having the account number 001770000425;

i.    All funds on deposit in the United Coconut Planters Bank account having the account number 111500000485;

     j.      One Mercedes 2011 Sprinter Jetvan;

     k.      All proceeds of any settlement resulting from any claim by Defendant arising out of the bankruptcy of MF Global Inc., and/or related entities;

     l.      All tax refunds payable to Defendant for the period 2013 to the present; and

(collectively, the "Forfeitable Properties").

Defendant admits that the Forfeitable Properties are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds of Defendant's offense, or are substitute assets to be applied toward the money judgment entered against him.

Defendant agrees to consent to the entry of orders of forfeiture for a personal money judgment for the proceeds traceable to his offenses and the Forfeitable Property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States. Notwithstanding the foregoing, the U.S. Attorney agrees to seek approval from the Department of Justice to apply any assets forfeited by the Defendant toward any restitution ordered by the Court via restoration procedures.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant further agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing within the jurisdiction of the United States any assets located outside of the United States (including, but not limited to assets located in the Philippines held in the name of Defendant, Graduate Leverage, LLC and/or any related entities, LAOH Capital, LLC and/or any related entities, and Enimbus Lending Inc. and/or any related entities), and taking all steps necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding. Defendant further states that no person other than Defendant and Shawnet Brooks Thibeault, and/or entities controlled by one or other both of Defendant and Shawnet Brooks Thibeault, have any right, title or interest in the Forfeitable Properties and that as detailed on the Waiver of Claim and Consent to Forfeiture attached hereto as Attachment A, all such parties waive any and all claims to the Forfeitable Properties, and consent to the forfeiture of the Forfeitable Properties. Defendant specifically agrees to assist in tracing and/or repatriating assets that may be subject to forfeiture located outside of the United States (including, but not limited to assets located in the Philippines held in the name of Defendant, Graduate Leverage, LLC and/or any related entities, LAOH Capital, LLC and/or any related entities, and Enimbus Lending Inc. and/or any related entities).

Defendant further agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.  Defendant agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Plea Agreement, and will not assist any third party with regard to such challenge or review.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

If the U.S. Attorney requests, Defendant shall give the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest, at any time from February 1, 2013 to the present.  Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney.

10.     Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

11.     Civil Liability

By entering into this Plea Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Plea Agreement.

12.     Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on Defendant's motion, this Plea Agreement shall be null and void at the option of the U.S. Attorney.

13.     Breach of Plea Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Plea Agreement, has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Plea Agreement, the U.S. Attorney may, at

her sole option, be released from her commitments under this Plea Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, regardless whether she elects to be released from her commitments under this Plea Agreement. Further, the U.S. Attorney may pursue any and all charges that have been, or are to be, dismissed pursuant to this Plea Agreement. Defendant recognizes that his breach of any obligation under this Plea Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements made by Defendant and any information, materials, documents or objects provided by Defendant to the government, without any limitation, regardless of any prior agreements or understandings, written or oral, to the contrary. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

   14.    Who Is Bound By Plea Agreement

   This Plea Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

   15.    Complete Plea Agreement

   This Plea Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

   If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Stephen E. Frank.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: _____
SARAH E. WALTERS
Chief, Economic Crimes Unit
STEPHEN E. FRANK
Deputy Chief, Economic Crimes Unit

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter, and that I have received no prior offers to resolve this case. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and the Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty, and I believe this Plea Agreement is in my best interest.

DANIEL THIBEAULT
Defendant

Date: 3/3/2016

I certify that Daniel Thibeault has read this Plea Agreement and that we have discussed its meaning. I believe he understands the Plea Agreement and is entering into the Plea Agreement freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

TIMOTHY WATKINS, ESQ.
Attorney for Defendant

Date: _____

12